UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEITH RUDNICK,         Docket No.: 08-CV-03476 (RJS)

              Plaintiff,        **ANSWER**

- against -

NIKKI BEACH MIDTOWN, JOHN DOES 1-5
(names being fictitious) and ABC CORPS. 1-5
(names being fictitious),

              Defendants.

---

Defendant JJMAG RESTAURANT CORPORATION d/b/a NIKKI BEACH MIDTOWN i/s/h/a NIKKI BEACH MIDTOWN, by its attorneys, GALLO VITUCCI KLAR PINTER & COGAN, answering the Complaint of plaintiff, respectfully states and alleges upon information and belief as follows:

## AS TO JURISDICTION

1. Denies each and every allegation contained in paragraph numbered "1" and refers all questions of law to the Honorable Court at the time of trial of this matter.

## AS TO THE PARTIES

2. Denies each and every allegation contained in paragraphs numbered "1", "2" and "3".

## AS TO FIRST COUNT

3. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to previous paragraphs.

4. Denies each and every allegation contained in paragraphs numbered "2", "3", "4", "5" and "6" of the First Count.

## AS TO SECOND COUNT

5. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraphs in the First Count.

6. Denies each and every allegation contained in paragraphs numbered "2", "3", "4", "5" and "6" of the Second Count.

## AS TO THIRD COUNT

7. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraphs in the First and Second Counts.

8. Denies each and every allegation contained in paragraphs numbered "2" and "3" of the Third Count.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Any damages which may have been sustained by the plaintiff was contributed to in whole or in part by the culpable conduct of third parties not under the control of this defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.     Pursuant to Federal Rules, if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event answering defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two year period immediately proceeding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in Federal Rules.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.     Answering defendant is entitled to limitation of liability pursuant to Article 16 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.     The Complaint of the plaintiff fails to state a cause of action, cognizable in equity or law against this answering defendant and must therefore be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.     This action lacks merit and is contrary to established law and fact and answering defendant is entitled to costs in the sum of $10,000 for this frivolous action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. The plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the Complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

**WHEREFORE**, defendant JJMAG RESTAURANT CORPORATION d/b/a NIKKI BEACH MIDTOWN i/s/h/a NIKKI BEACH MIDTOWN demands judgment dismissing the Complaint, including all claims, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
April 16, 2008

Yours etc.,

**GALLO VITUCCI KLAR PINTER & COGAN**

By: YOLANDA L. AYALA, ESQ. (YLA-2324)
*Attorneys for Defendant*
**JJMAG RESTAURANT CORPORATION
d/b/a NIKKI BEACH MIDTOWN
i/s/h/a NIKKI BEACH MIDTOWN**
90 Broad Street, 3rd Floor
New York, New York 10004
(212) 683-7100
File No.: ARC-2007-13

To:

MARK F. CASAZZA, ESQ.
RUDNICK ADDONIZIO & PAPPA
*Attorneys for Plaintiff*
25 Village Court
Hazlet, New Jersey 07730
(732) 264-4400

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is an associate of the firm of Gallo Vitucci Klar Pinter & Cogan, attorneys for defendants JJMAG RESTAURANT CORPORATION d/b/a NIKKI BEACH MIDTOWN i/s/h/a NIKKI BEACH MIDTOWN.

That she has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters she believes them to be true.

That the reason why this verification is made by your deponent and not by the defendant is that said party is a foreign corporation.

That the source of your deponent's information and the grounds of her belief as to all matters therein alleged upon information and belief are reports from and communications had with said party.

Dated: New York, New York
       April 16, 2008

_____
YOLANDA L. AYALA (YLA-2324)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of Richmond. That on the 16th day of April, 2008, she served the within **ANSWER** upon:

MARK F. CASAZZA, ESQ.
RUDNICK ADDONIZIO & PAPPA
*Attorneys for Plaintiff*
25 Village Court
Hazlet, New Jersey 07730

via regular mail by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of United States Postal Service, within the City and State of New York.

Shamilla Ali

Sworn to before me this
16th day of April 2008

JULIE BOGOMOLNY
Notary Public, State of New York
No. 01BO6093185
Qualified in New York County
Commission Expires _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                    DOCKET NO.: 08-CV-03476 (RJS)

KEITH RUDNICK,

                              Plaintiff,

- against -

NIKKI BEACH MIDTOWN, JOHN DOES 1-5
(names being fictitious) and ABC CORPS. 1-5
(names being fictitious),,

                              Defendants.

**ANSWER**

GALLO VITUCCI KLAR PINTER & COGAN
*Attorneys for Defendant*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: LA-2007-13